IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD E. TAYLOR, | ) | No. C 12-0270 RMW (PR) |
| Plaintiff, | ) ) | ORDER DISMISSING CASE WITH LEAVE TO AMEND |
| v. | ) ) | |
| DOCTOR D. LEIGHTON, et al., | ) ) | |
| Defendants. | ) ) | |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.    Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged deprivation was committed by a person acting under the color of state law. West v.
4  Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

The complaint has several deficiencies that require an amended complaint to be filed. First, the complaint has several claims that do not appear to be properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff's claims range from an allegation of unlawful employment termination to a denial of adequate pain medication. The complaint indicates the events happened on several different dates, and are against different defendants. In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. The bottom line is that plaintiff cannot complain in his amended complaint about unrelated incidents during his imprisonment. Plaintiff needs to choose what claims he wants to pursue that meet the joinder requirements. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed.

In addition, the complaint does not comply with the requirement that the averments be "simple, concise, and direct." For example, one of Plaintiff's claims potentially states an Eighth Amendment violation if he can sufficiently plead his allegations. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin v. Smith, 974 F.2d

1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, plaintiff has not provided the court with the sufficient information necessary to determine whether an Eighth Amendment claim for relief has been stated against any defendant. "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, (2007) (citations omitted).  A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." Id at 570.  However, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In this case, plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim.  Plaintiff will be granted leave to amend to allege specifics.  In his amended complaint, he must establish legal liability of each person for the claimed violation of his rights.  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability).  Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Leer, 844 F.2d at 634.

1    In sum, plaintiff's allegations fail to specifically state what happened, when it happened,
2 what each defendant did, and how those actions or inactions rise to the level of a federal
3 constitutional violation. Without this basic information, the plaintiff's case must be dismissed.
4 The complaint need not be long. In fact, a brief and clear statement with regard to each claim
5 listing each defendant's actions regarding that claim is preferable. Accordingly, the complaint is
6 DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which
7 to amend to correct the deficiencies in his complaint if he can do so in good faith.

## CONCLUSION

9    For the foregoing reasons, the court hereby orders as follows:
10    1.    Plaintiff's complaint is DISMISSED with leave to amend.
11    2.    If plaintiff can cure the pleading deficiencies described above, he shall file an
12 AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended
13 complaint must include the caption and civil case number used in this order (C 12-0270 RMW
14 (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must
15 indicate which specific, named defendant(s) was involved in each cause of action, what each
16 defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
17 Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an
18 amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
19 demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**
20 **amended complaint within thirty days and in accordance with this order will result in a**
21 **finding that further leave to amend would be futile and this action will be dismissed.**
22    3.    Plaintiff is advised that an amended complaint supersedes the original complaint.
23 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
24 in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
25 Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
26 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).
27    4.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
28 court informed of any change of address by filing a separate paper with the clerk headed "Notice

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Taylor270dwla.wpd            4

1  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
2  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
3  of Civil Procedure 41(b).
4      IT IS SO ORDERED.
5  DATED: _____

RONALD M. WHYTE
United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Taylor270dwla.wpd     5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RONALD E.TAYLOR,<br><br>      Plaintiff,<br><br>  v.<br><br>IN RE RONALD E.TAYLOR et al,<br><br>      Defendant. | Case Number: CV12-00270 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald E. Taylor H-14836
San Quentin State Prison
4-W-101
San Quentin, CA 94974

Dated: April 6, 2012

                                            Richard W. Wieking, Clerk
                                            By: Jackie Lynn Garcia, Deputy Clerk