1

2

3            ÒÒ×ÖÖÅÅÂÂ×Ã×××ÃÃ×Ã×Ã×Ã

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RONALD E. TAYLOR,              )        No. C 12-0270 RMW (PR)
                                    )
12            Plaintiff,            )        ORDER OF PARTIAL
                                    )        DISMISSAL; ORDER OF
13     v.                           )        SERVICE; DIRECTING
                                    )        DEFENDANT TO FILE
14   DOCTOR D. LEIGHTON, et al.,    )        DISPOSITIVE MOTION OR
                                    )        NOTICE REGARDING SUCH
15            Defendants.           )        MOTION
     _____)

16

17            Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42

18   U.S.C. § 1983.  Plaintiff was granted leave to proceed in forma pauperis in a separate order.[1]  On

19   March 30, 2012, the court dismissed plaintiff's complaint with leave to amend.  On May 11,

20   2012, plaintiff filed his amended complaint.[2]  For the reasons below, the court dismisses Claims

     2-3, and serves Claim 1.

21

                              **DISCUSSION**

22   A.     Standard of Review

23            A federal court must conduct a preliminary screening in any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity.  See

25

26   _____

27        [1]  Plaintiff's motion for leave to proceed in forma pauperis (docket no. 9) is denied as
     moot.

28
          [2]  Plaintiff's motion for leave to correct error is granted.  (Docket No. 14.)

     Order of Partial Dismissal; Order of Service; Directing Defendant to File Disposition Motion
     G:\PRO-SE\SJ.Rmw\CR.12\Taylor270srv.wpd

28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

In his amended complaint, plaintiff alleges that defendant Sgt. M.L. Bloise fired him from his job unlawfully. Plaintiff filed a small claims lawsuit against Bloise, for which Bloise failed to appear. Less than two weeks later, Bloise retaliated against plaintiff by moving him from the North Block, where plaintiff had been housed for the previous 12 years, to the West Block, which is generally known as a "place of punishment."[3] Liberally construed, plaintiff has stated a cognizable claim of retaliation.

Plaintiff also claims that defendant Kelly Smith and defendant Doreen Leighton exhibited deliberate indifference to his serious medical needs by withholding pain medication on two separate days. Liberally construed, plaintiff has stated cognizable claims of deliberate indifference.

However, plaintiff was advised in the court's March 30, 3012 order, that his claims were misjoined under Federal Rule of Civil Procedure 20(a). Plaintiff was told that he had to determine what claims he wanted to pursue in his amended complaint that met the joinder requirements, and if he asserted improperly joined claims in his amended complaint, they would be dismissed.

---

[3] To the extent plaintiff alleges that the living conditions at West Block violated his Eighth Amendment rights, this claim is dismissed. Plaintiff has not linked a defendant to this alleged deprivation.

1    Here, plaintiff's claims involve different transactions and occurrences.  The events

2    related to defendant Bloise's alleged retaliation against plaintiff (Claim 1) are distinct from, and

3    unrelated to, the events describing the failure to dispense pain medication alleged (Claims 2 and

4    3).  Further the defendants named in all three claims are separate.

5    Accordingly, the amended complaint still violates Rule 20(a).  Dismissal of the entire

6    action is not necessary, however, as the improper joinder problem can be solved by merely

7    dismissing the improperly joined parties.  <u>See</u> Fed. R. Civ. P. 21.  The Court will dismiss Claims

8    2 and 3 because it names different defendants, and the right to relief does not relate to the same

9    transaction as asserted in Claim 1.  The dismissal is without prejudice to Plaintiff asserting

10   Claims 2 and 3 in a new action for which he pays a separate filing fee.

**CONCLUSION**

12   For the foregoing reasons, the court hereby orders as follows:

13   1.    Claims 2 and 3 are DISMISSED without prejudice.  Defendants Smith and

14   Leighton are DISMISSED.

15   2.    The clerk shall issue a summons and the United States Marshal shall serve,

16   without prepayment of fees, copies of the complaint in this matter (docket no. 15), all

17   attachments thereto, and copies of this order on **Sergeant M. L. Bloise** at **San Quentin State**

18   **Prison**.  The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of

19   the complaint to the California Attorney General's Office.

20   3.    No later than **ninety (90) days** from the date of this order, defendant shall file a

21   motion for summary judgment or other dispositive motion with respect to the cognizable claim

22   in the complaint.

23   a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff

24   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

25   defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315

26   F.3d 1108, 1119-20 (9th Cir. 2003).

27   b.    Any motion for summary judgment shall be supported by adequate factual

28   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

1   Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**

2   **immunity found, if material facts are in dispute.  If defendant is of the opinion that this**

3   **case cannot be resolved by summary judgment, he shall so inform the court prior to the**

4   **date the summary judgment motion is due.**

5         4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

6   served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is

7   filed.  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary

8   judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting

9   of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

10   1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

11         5.      Defendant shall file a reply brief no later than **fourteen (14) days** after plaintiff's

12   opposition is filed.

13         6.      The motion shall be deemed submitted as of the date the reply brief is due.  No

14   hearing will be held on the motion unless the court so orders at a later date.

15         7.      All communications by the plaintiff with the court must be served on defendant,

16   or defendant's counsel once counsel has been designated, by mailing a true copy of the

17   document to defendant or defendant's counsel.

18         8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

19   No further court order is required before the parties may conduct discovery.

20         9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

21   and all parties informed of any change of address and must comply with the court's orders in a

22   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

23   pursuant to Federal Rule of Civil Procedure 41(b).

24         This order terminates docket numbers 9 and 14.

25         IT IS SO ORDERED.

26   DATED: _____

27                       RONALD M. WHYTE

                        United States District Judge

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONALD E. TAYLOR,

           Plaintiff,

  v.

DOCTOR D. LEIGHTON, et al.,

           Defendant.

_____/

Case Number: CV12-00270 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald E. Taylor H-14836
San Quentin State Prison
3W44L
San Quentin, CA 94974

Dated: August 27, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk